JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08671-RGK-SSC | Date | November 6, 2025 |
|---|---|---|---|
| Title | *Z Development, et al v. General Motors LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Order Remanding Action to State Court**

On February 7, 2025, Z Development Corp. and Parvis Zaghi ("Plaintiffs") filed a Complaint against General Motors, LLC ("Defendant") in state court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*) and the Magnuson-Moss Warranty Act. On April 8, 2025, Plaintiffs filed a First Amended Complaint. Plaintiffs' allegations arise from the purchase of a 2019 Chevrolet Silverado ("Vehicle") from Defendant.

On September 12, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. On October 30, 2025, upon review of Defendants Notice of Removal, the Court issued an Order to Show Cause. The OSC questioned both the timeliness of Defendant's removal, as well as the basis for diversity jurisdiction. Defendant filed its Response on November 4, 2025. Upon review of Defendant's Response, the Court hereby remands the action for failure to timely remove, and for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. §1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Natl Assn*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 56667 (9th Cir. 1992).

"[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08671-RGK-SSC | Date | November 6, 2025 |
|---|---|---|---|
| Title | *Z Development, et al  v. General Motors LLC* | | |

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).  Failure to comply with the statutory time limit bars removal.  *See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

With respect to timeliness, Defendant merely reiterates the statements made in its Notice of Removal, which the Court found insufficient in the first instance. Plaintiffs' complaint is clear as to what types of damages they seek. While it does not set forth a concrete number, it is not indeterminate as to what information would be required to estimate the amount in controversy. Defendant fails to explain why it took five months (and more likely, seven months) to obtain that information, particularly when the information comes from records it has in its possession. As stated in the Court's OSC, Defendant's representations on this point are implausible and disingenuous, particularly in light of Plaintiffs' producing a their own copy of the Vehicle Sales Agreement to Defendant on January 4, 2025. (*See* Motion to Remand, Declaration of Michelle Yang, ¶ 7 at Docket Entry 15-1.) Depending on the pace at which litigation progresses in state court, Defendant's position means that, where a complaint does not set forth a specific amount in controversy, a defendant could possibly wait until just under a year to remove a case, simply because it took that long to investigate the matter. This position is unsupported by any binding authority. On this ground alone, remand is warranted for failure to timely remove.

Even if the case had been timely removed, Defendant still fails to show that the requirements for diversity jurisdiction has been met. Defendant's new calculation estimates $42,568.91 in actual damages. Even with the new, higher estimation of actual damages, the Court finds that Defendant has not satisfied its burden of showing, by a preponderance of the evidence, that the requisite amount in controversy has been met.

In light of the foregoing, the action is hereby remanded to state court for all further proceedings.

All pending dates before this Court are vacated and taken off calendar.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | JRE/vc |